# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 89-5160

FILED
JAN 3 1 2011

| | |
|---|---|
| United States of America, | |
| Appellee, | |
| v. | Appeal from the United States District Court for the District of South Dakota. |
| Lonnie Clayton Fawbush, | |
| Appellant. | |

Submitted: November 17, 1989
Filed: April 5, 1990
Amended: January 31, 2011

Before WOLLMAN and HEANEY, Circuit Judges, and WEBB, District Judge.[1]

HEANEY, Circuit Judge.

Lonnie Clayton Fawbush appeals his conviction of seven counts of aggravated sexual abuse of two children in violation of 18 U.S.C. §§ 1152, 13, 2241(c), and 2245. We reverse and remand for a new trial.

---

[1] The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota, sitting by designation.

BACKGROUND

Fawbush, a minister of the Assemblies of God Church, has a mission church on the Lower Brule Indian Reservation in South Dakota. In the summer and fall of 1987, the Fawbush family provided babysitting services in their home for D.D., age three, and A.L., age four. Early the following spring, D.D. told two other babysitters that Fawbush had sexually molested her. A gynecological examination revealed evidence that D.D. had been sexually abused. Fawbush was charged with four counts of aggravated sexual abuse of D.D.

Following Fawbush's arrest on these charges, A.L.'s parents became concerned and had her examined by a family practitioner trained in the evaluation and treatment of allegedly sexually abused children. The examination revealed physical signs of sexual abuse. Without prior prompting, A.L. also implicated Fawbush. Fawbush was charged with three counts of aggravated sexual abuse of A.L.

Fawbush pleaded not guilty and received a jury trial. At trial, the district court permitted the government to call Fawbush's two adult daughters, who testified that Fawbush had sexually abused them as children and that he had impregnated one of them at the age of fifteen, nine years before the trial. The district court instructed the jury to consider this testimony only on the issues of motive, intent, preparation, plan, or absence of mistake or accident. The jury convicted Fawbush of all seven counts of aggravated sexual abuse.

DISCUSSION

On appeal, Fawbush argues that the admission of his daughters' testimony prejudiced his right to a fair trial.[2] The Federal Rules of Evidence provide:

---

[2]Fawbush also claims that the district court erred in excluding testimony he offered to impeach the government's medical evidence. Because we remand the case for a new trial, we do not discuss this issue.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b).

> Admission of other act evidence under Rule 404(b) requires that:
>
> (1) the evidence of the other act must be relevant to a material issue; (2) the other act must be similar in kind and reasonably close in time to the crime charged; (3) the evidence of the other act must be clear and convincing;[3] and (4) the probative value of the evidence must not be outweighed by its prejudice.

United States v. Estabrook, 774 F.2d 284, 287 (8th Cir. 1985) (citations omitted).

In reviewing the admissibility of evidence, we apply an abuse of discretion standard. United States v. Marshall, 683 F.2d 1212, 1215 (8th Cir.1982). We do not believe that the admission of Fawbush's daughters' testimony served any of the purposes permissible under Rule 404(b). The district court itself prohibited the jury from considering the testimony of Fawbush's daughters on the issue of identity, a ruling with which we agree. The daughters' description of Fawbush's sexual abuse did not show a unique method also present in the charged offenses that tended to establish

---

[3]The Supreme Court superseded this requirement in Huddleston v. United States, 485 U.S. 681, 108 S. Ct. 1496, 1501, 99 L. Ed.2d 771 (1988), which held that a prior act need be proved only by a preponderance of the evidence. Because Fawbush admitted to sexually abusing his daughters, their testimony was undisputed and satisfies either standard of proof.

Fawbush as the perpetrator.[4] See United States v. Mothershed, 859 F.2d 585, 590 (8th Cir. 1988). Additionally, Fawbush's previous sexual abuse of his daughters was relevant to his motive, intent, plan, or knowledge with respect to the acts for which he was tried only insofar as the previous sexual abuse tended to show a propensity to commit such acts. Rule 404(b) flatly proscribes the admission of other act evidence for this purpose. Similarly, acts of sexual abuse committed eight or more years before the charged offenses provide no proof of opportunity or preparation. Absence of mistake or accident was not a material issue at trial.

The government suggests that two recent decisions by this court, United States v. St. Pierre, 812 F.2d 417 (8th Cir. 1987), and United States v. Azure, 801 F.2d 336 (8th Cir. 1986), require us to uphold the district court's admission of the daughters' testimony. Because the nature of the prior act evidence ruled admissible in those cases differs from the testimony challenged here, we disagree.

In St. Pierre, the twelve-year-old victim of the defendant's sexual abuse was permitted to testify about sexual acts between herself and the defendant other than those for which the defendant was indicted. 812 F.2d at 420. The charged conduct and the prior acts the victim described all occurred within a one-year period. See id. at 418. The district court allowed the jury to consider this testimony only as it related to the defendant's opportunity, intent, preparation, or plan to commit the acts charged. Id. at 420.

In Azure, the district court admitted evidence of the defendant's sexual abuse of another child who lived in the same household as the victim and the defendant. 801

---

[4] We reject the government's argument that because few people "are capable of having sex with children," previous acts of child sexual abuse are relevant to the issue of identity. Assuming the government's premise to be true, to admit evidence of such acts would be for the sole purpose of proving the character of the person to show that he acted in conformity therewith. See Fed. R. Evid. 404(b).

F.2d at 338, 341. This court found the evidence probative because the incident with the second child was closely connected to the incident for which the defendant was tried. Id. at 341. This court reversed the defendant's conviction and remanded the case on other grounds, however, noting only that the trial court might wish to reduce the evidence's substantial potential for prejudice with a limiting instruction. Id. at 341–42.

The testimony of Fawbush's daughters is unlike the prior act evidence ruled admissible in St. Pierre and Azure. The challenged testimony here concerns acts that are unrelated to, and which occurred eight or more years before, the conduct charged. We conclude that the district court abused its discretion in admitting the testimony, even with a limiting instruction. See United States v. Harvey, 845 F.2d 760, 762 (8th Cir. 1988) (finding that admission of testimony regarding uncharged drug and financial activities in tax prosecution ten years later constituted reversible error); see also Marshall, 683 F.2d at 1215 (noting that reversal is required only when "the questioned evidence has no bearing on any of the issues included") (citations omitted).

Had the testimony been relevant to a material issue, we believe it still should not have been admitted. Under our standard, relevant other act evidence is admissible only if its probative value outweighs its potential for unfair prejudice. See Fed. R. Evid. 403; Estabrook, 774 F.2d at 287. "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note. We believe the evidence that Fawbush had sexually abused his daughters and had fathered a child with one of them to have been so inflammatory on its face as to divert the jury's attention from the material issues in the trial. See Estabrook, 774 F.2d at 288. Consequently, the prejudicial effect of this evidence outweighed any legitimate probative value it may have had.

CONCLUSION

We reverse Fawbush's conviction and remand the case to the district court for a new trial.

WOLLMAN, Circuit Judge, concurring.

I agree with the majority that the Rule 404(b) evidence should not have been admitted in the circumstances of this case. Once having held that, I do not believe that we should go on and render an advisory opinion as to whether the challenged testimony was so inflammatory on its face that under no circumstances could the trial court have properly admitted it, no matter how relevant it might have been with respect to one of the issues in the case.